IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| -vs.- | § |
| | § |
| CHANTA THOMAS | § |

Criminal No. 4:05cr132
Judge Schell

## FACTUAL STATEMENT

It is hereby stipulated and agreed by Defendant **CHANTA THOMAS** ("**THOMAS**") that

the following facts are true and correct:

1.      Experian Information Systems, Inc. ("Experian") was located in the city of Allen,

in Collin County, in the State of Texas, in the Eastern District of Texas.  Experian was a

consumer reporting agency that collected and organized consumer credit history information and

provided that information to current and prospective creditors and employers as allowed by law.

2.      Experian maintained this credit history information in a database on computers

that were used in interstate commerce.

3.      Experian employed individuals to make additions to and deletions and

modifications of consumer credit history information in conformity with Experian's policies and

procedures to ensure the accuracy of the consumer credit history data.  Experian did not authorize

its employees to delete or alter any accurate or undisputed credit history information.  Experian

did not authorize its employees to access any consumer credit information unless they were

making authorized changes to consumer credit history.

4.      From March 30, 1998 to December 15, 2001, **THOMAS** was employed by Experian to maintain the information contained in Experian's consumer credit history database.

5.      Specifically, **THOMAS** was authorized to access and view and/or make additions, deletions, and modifications of consumer credit history data only in conformity with Experian's policies and procedures to ensure the accuracy of the consumer credit history data.

6.      **THOMAS** knew that she was authorized to access and view and/or make changes to the consumer credit history database only when these changes were authorized by Experian's policies and procedures.

7.      **THOMAS** knew that creditors, financial institutions, and other persons or entities would rely on the reports of a consumer's credit history prior to extending loans to that particular consumer.

8.      **THOMAS** knew that making unauthorized modifications to any consumer's credit information would change that particular consumer's apparent credit history and cause creditors, financial institutions, and other persons to detrimentally rely on the fraudulently altered and falsified credit history information.

9.      In spite of the foregoing, **THOMAS** knowingly exceeded her authorized access and knowingly accessed and viewed the credit history information of the following forty-six (46) consumers which she knew that she was not authorized to access and view: Peter Adieme, Jackie Aikins, Kevin Akins, Angela Atkins, Sirena Autman, Tonia Boone, Kevin Boykins, Barbara Branch, Kawana Branch, Awyannia Brooks, Shawn Brown, Gary Burnett, Michael Burnham, Nathaniel Chestnut, Bernard Corsby, Sheryl Decuir, Roger Dunlap, Thomas Groshans, Donald Henderson, Keith Hill, Ronna Hill, Anslum Hudin Jr., Margaret Jackson, Lonnie Jefferson,

Derrick Jhagaroo, Vivian Lethridge, Saumnya Lewis, Frances Lopez, Sandra Lopez, Merike

Manley, Derrick, McDonald, Linda Moss, Ijenna Oda, Terrance Orr, Fabiola Price, Melvin Price,

Michael Ross, Angela Sanchez, Michael Stoneham, Shirley Thomas, Victor Uno, C.W.

Washington, Hope Wilson, Bart Wolzen, and Covell Young.

10.  **THOMAS** also knowingly caused the transmission of false information to the

Experian credit history database by altering or deleting one or more negative credit history items

contained in each of the respective files of the forty-six consumers identified in paragraph 9.

11.  **THOMAS** knew that she was not authorized to make alterations or deletions to

the consumer credit history files of the forty-six consumers identified in paragraph 9.

12.  As a result of accessing, viewing, and making alterations or deletions to the

consumer credit history files of the forty-six (46) consumers listed in paragraph 9, **THOMAS**

~~damaged and~~ impaired the Experian consumer credit history database causing damage and a loss.

13.  Specifically, as a result of **THOMAS'** access, alteration, and deletion of consumer

credit history information pertaining to the forty-six (46) consumers listed in paragraph 9,

creditors, financial institutions, and other persons detrimentally relied on the fraudulent and false

credit history reports and extended new credit to these consumers.

14.     Specifically, as a result of **THOMAS'** access, alteration, and deletion of consumer credit history information pertaining to the forty-six (46) consumers listed in paragraph 9, Experian paid creditors, financial institutions, and other persons that detrimentally relied on the fraudulent and false credit history reports.

## SIGNATURE AND ACKNOWLEDGMENT BY
## DEFENDANT CHANTA THOMAS

I have read this Factual Statement and have discussed it with my attorney.  I fully understand the contents of this Factual Statement and agree without reservation that it accurately describes my acts.

Dated: _08-05-05_ _____

_____
CHANTA THOMAS
Defendant

## SIGNATURE AND ACKNOWLEDGMENT BY ATTORNEY FOR DEFENDANT

I have read this Factual Statement and have reviewed it with my client, CHANTA THOMAS. Based upon my discussions with Ms. THOMAS, I am satisfied that she fully understands the Factual Statement.

Dated: _8-5-05_ _____

_____
JOHN C. KING
Attorney for Chanta Thomas

